UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PATRICIA TUOHY,

                Plaintiff

    -against-

EQUIFAX INFORMATION SERVICES, LLC
and JOVIA FINANCIAL CREDIT UNION,

                Defendants

-------------------------------------------------------------x

                COMPLAINT

Plaintiff, PATRICIA TUOHY ("Plaintiff"), by and through her attorney, ROBERT L. ARLEO, ESQ., hereby brings the herein action against Equifax Information Services, LLC and Jovia Financial Credit Union and alleges as follows:

## PRELIMINARY STATEMENT

1. This action is commenced for damages based upon the Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 and pursuant to 15 U.S.C. § 1681p *et seq.*

3. Venue is based upon 28 U.S.C. § 1391(b)(2) in that the Plaintiff resides here, the transactions complained of occurred here and the Defendants each transact business here.

## PARTIES

4. The Plaintiff is a natural person who resides in Nassau County, New York.

5. The Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial business activities in this federal judicial district.

6. The Defendant Equifax is a Georgia corporation and is registered as a foreign corporation with the New York Secretary of State.

7. The Defendant Equifax is a consumer reporting agency as defined in the FCRA and is regularly engaged in the business of evaluating, assembling and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties as the same is defined in 15 U.S.C. § 1681(d) to third parties.

8. As related to the events concerning the Plaintiff, the Defendant Equifax disbursed consumer reports to third parties for monetary compensation.

9. Defendant Jovia Financial Credit Union (hereinafter "Jovia") is a person who furnished information to consumer report agencies under 15 U.S.C. § 1681s-2 that conducts business in this jurisdiction with a principal place of business located at 1000 Corporate Drive, Westbury, New York.

## **FACTS RELATED TO THE PLAINTIFF**

10. The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 9 with the same force and effect as if stated at length herein.

11. At a time unknown to the Plaintiff, the Defendant Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information based upon the unauthorized listing of the Plaintiff as an authorized signer related to a WAMU credit card opened by the Plaintiff's husband solely in his name.

12. The WAMU account, at a time unknown to the Plaintiff, was assigned to the Defendant Jovia.

13. On or about June 2, 2020, the Plaintiff's husband mailed a letter directly to the Defendant Jovia advising of the incorrect reporting of his credit card on the Plaintiff's credit reports and directing the Defendant Jovia to immediately remove the Plaintiff as an authorized signor.

14. Despite receiving the letter from the Plaintiff's husband, the Defendant Jovia continually reported the debt on the Plaintiff's credit reports, including those reports maintained by the Defendant Equifax.

15. The information regarding the Plaintiff and furnished by the Defendant Equifax was inaccurate as the Plaintiff never agreed to be an authorized user of the subject credit card and because the subject credit card was opened by the Plaintiff's husband solely in his name.

16. Equifax reported the inaccurate information, and has been reporting this inaccurate information, through the issuance of false and inaccurate information and consumer

reports that it disseminated to various persons and credit grantors, both known and unknown.

17. The Plaintiff notified Equifax that she disputed the accuracy of the information alleging her to be responsible for her husband's credit card debt.

18. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

19. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation and deleting the disputed trade line within 30 days of receiving the Plaintiff's dispute.

20. Notwithstanding the Plaintiff's efforts to dispute the inaccurate trade line and have the same removed from her credit report, the Defendant Equifax continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

21. As a result of the Defendants' failure to comply with the FCRA, the Plaintiff has suffered a decreased credit score due to the inaccurate information contained in the Plaintiff's respective credit files and loss of credit.

## FIRST CAUSE OF ACTION AGAINST THE DEFENDANT EQUIFAX
## WILLFUL VIOLATION OF THE FCRA

22. The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 21 with the same force and effect as if stated at length herein.

23. The Defendant Equifax willfully violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and the credit files that the Defendant Equifax maintained concerning the Plaintiff.

24. The Defendant Equifax has both willfully and recklessly failed to comply with the FCRA including, but not limited to:

    a) Failing to follow reasonable procedures to assure the maximum possible accuracy of the information it reports;

    b) Failing to correct erroneous information concerning the Plaintiff after the Plaintiff disputed the inaccurate information in writing to the Defendant Equifax;

    c) Failing to remove and/or correct the inaccurate and derogatory credit information after a reasonable request to remove and/or correct the inaccurate information conveyed in writing by the Plaintiff;

    d) Failing to promptly and adequately investigate information contained on the Plaintiff's Equifax credit report which the Defendant Equifax had notice was inaccurate;

    e) Continually placing inaccurate information into the Plaintiff's Equifax credit report after being advised in writing by the Plaintiff that the information was inaccurate;

    f) Failing to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of the information had advised the Defendant Equifax to delete;

    g) Failing to take adequate steps to verify information the Defendant Equifax had reason to believe was inaccurate before including it in the Plaintiff's Equifax credit report.

25. As a result of the conduct, action and inaction of the Defendant Equifax, the Plaintiff suffered damages via loss of credit, loss of ability to benefit from credit, including making purchases on credit, and the mental distress and humiliation associated with the denial of credit.

26. The conduct, action and inaction of the Defendant Equifax was willful which renders the Defendant Equifax liable for actual, statutory and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

27. The Plaintiff is entitled to recover reasonable attorneys fees and costs from the Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION AGAINST THE DEFENDANT EQUIFAX
## NEGLIGENT VIOLATION OF THE FCRA

28. The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 27 with the same force and effect as if stated at length herein.

29. The Defendant Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the Plaintiff's Equifax credit file after receiving actual written notice of such inaccuracies from the Plaintiff and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the Plaintiff's Equifax credit file.

30. The Defendant Equifax has negligently failed to comply with the FCRA including, but not limited to:

   a) Failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) Failing to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) Failing to remove and/or correct the inaccurate and derogatory credit information after a reasonable request to remove and/or correct the inaccurate information was conveyed in writing by the Plaintiff;

d) Failing to promptly and adequately investigate information contained on the Plaintiff's Equifax credit report which the Defendant Equifax had notice was inaccurate;

e) Continually placing inaccurate information into the Plaintiff's Equifax credit report after being advised in writing by the Plaintiff that the information was inaccurate;

f) Failing to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of the information had advised the Defendant Equifax to delete;

g) Failing to take adequate steps to verify information the Defendant Equifax had reason to believe was inaccurate before including it in the Plaintiff's Equifax credit report.

31. As a result of the conduct, action and inaction of the Defendant Equifax, the Plaintiff suffered damages via loss of credit, loss of ability to benefit from credit, including making purchases on credit, and the mental distress and humiliation associated with the denial of credit.

32. The conduct, action and inaction of the Defendant Equifax was negligent which renders the Defendant Equifax liable for actual, entitling the Plaintiff to damages in an amount to be determined pursuant to 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover reasonable attorneys fees and costs from the Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

## FIRST CAUSE OF ACTION AGAINST THE DEFENDANT JOVIA
## WILLFUL VIOLATION OF THE FCRA

34. The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 33 with the same force and effect as if stated at length herein.

35. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

36. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency received a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

37. The results of the furnishers investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must be reported to other agencies which were supplied such information.

38. The Defendant Jovia violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff with respect to the unauthorized listing of the Plaintiff on her husband's credit card; by failing to review all relevant information

regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

39. Specifically, the Defendant Jovia continued to report this account on the Plaintiff's credit reports after being notified of her dispute regarding the false and accurate account information.

40. Had the Defendant Jovia performed a reasonable investigation, it would have discovered that this tradeline was not the Plaintiff's responsibility and should not be reported on the Plaintiff's credit reports.

41. As a result of the conduct, action and inaction of the Defendant Jovia, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional paid, anguish, humiliation and embarrassment of credit denials.

42. The conduct, action and inaction of the Defendant Jovia was willful, rendering the Defendant Jovia liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

43. The Plaintiff is further entitled to recover reasonable costs and attorney's fees from the Defendant Jovia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION AGAINST THE DEFENDANT JOVIA
## <u>NEGLIGENT VIOLATION OF THE FCRA</u>

44. The Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 43 with the same force and effect as if stated at length herein.

45. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

46. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency received a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

47. The results of the furnishers investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must be reported to other agencies which were supplied such information.

48. The Defendant Jovia is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2-b.

49. After receiving the dispute notice from the Defendant Equifax, the Defendant Jovia negligently failed to conduct its reinvestigation in good faith.

50. A reasonable investigation would require a furnisher such as the Defendant Jovia to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

51. Had the Defendant Jovia performed a reasonable investigation, it would have discovered that this tradeline was not the responsibility of the Plaintiff.

52. The conduct, action and inaction of the Defendant Jovia was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

53. As a result of the conduct, action and inaction of the Defendant Jovia, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional paid, anguish, humiliation and embarrassment of credit denials.

54. The Plaintiff is further entitled to recover reasonable costs and attorney's fees from the Defendant Jovia in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

55. Plaintiff demands trial by jury for all claims set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment from each Defendant as follows:

a) For actual damages pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages pursuant to 15 U.S.C. § 1681(a)(1);

c) For statutory damages pursuant to 15 U.S.C. § 1681n(a);

d) For statutory damages pursuant to 15 U.S.C. § 1681(a)(2);

e) For punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorneys fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1681(a)(3);

g) For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 30, 2023

                                          ROBERT L. ARLEO, ESQ. P.C.

                                          By: _/ s / Robert L. Arleo_
                                               ROBERT L. ARLEO, ESQ.
                                               Attorney for the Plaintiff
                                             1345 Avenue of the Americas
                                             33rd Floor
                                             New York, New York  10105
                                             Phone: (212) 551-1115
                                             Fax: (518) 751-1801
                                             Email: robertarleo@gmail.com